IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GERALD SMITH | * | |
| Petitioner | * | |
| v | * | Civil Action No. RWT-11-695 |
| WARDEN RODERICK SOWERS and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents | * | |

***

## MEMORANDUM OPINION

Pending is Respondents' Limited Answer to the above-captioned Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. §2254. ECF No. 4. Respondents contend the petition is subject to dismissal because it is time-barred. Petitioner Gerald Smith ("Smith") has filed a Reply asserting entitlement to waiver of the one-year filing deadline because he is "actually innocent" and his claim relies upon a United States Supreme Court decision recognizing a newly created right made retroactively applicable. ECF No. 7. The undersigned finds no need for an evidentiary hearing. See Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts and Local Rule 105.6 (D. Md. 2011); see also Fisher v. Lee, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)).

### Background

On June 18, 2002, Smith was convicted of possession of cocaine with the intent to distribute in the Circuit Court for Washington County, Maryland. ECF No. 4 at Ex. 1 and 2. As a subsequent offender, Smith was sentenced to serve ten years in prison without the possibility of parole. He filed a direct appeal to the Court of Special Appeals of Maryland, but the Court of

1

Appeals of Maryland granted a writ of certiorari to review the issue raised in his appeal, bypassing the interim appellate court's review. In a reported opinion filed on June 12, 2003, the Court of Appeals affirmed Smith's judgment of conviction. See Smith v. State, 393 Md. 247, 900 A. 2d 752 (2006). Smith did not seek certiorari review in the United States Supreme Court; therefore, his judgment of conviction became final on September 10, 2003, when the time for seeking review expired.[1]

**Standard of Review**

Smith's deadline for filing a federal habeas corpus petition challenging the validity of the violation of probation proceeding was September 9, 2004, one year after the judgment was final. See 28 U.S.C. §2244(d). That section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>     (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B)    the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] On May 23, 2005, after the expiration of the federal filing deadline, Smith filed a motion to correct an illegal sentence, which was denied by the Circuit Court for Washington County on June 22, 2005. Smith appealed the denial to the Maryland Court of Special Appeals, which affirmed the lower court's decision on March 17, 2006. The Court of Appeals denied certiorari review on June 14, 2006. ECF No. 4 at Ex. 1, pp. 8 – 9. On April 21, 2009, Smith sought post-conviction relief in the Circuit Court for Washington County, resulting in an order dated October 23, 2009, granting Smith the right to file for a three-judge panel review and otherwise denying relief. Id. at p. 10. Smith's application for leave to appeal the adverse ruling was denied by the Court of Special Appeals on May 27, 2010, with the court's mandate issuing on June 28, 2010. The post-conviction proceedings did not operate to toll the filing deadline because they took place after the deadline expired.

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" Hill v. Braxton, 277 F. 3d 701, 704 (4th Cir. 2002), citing Harris 209 F. 3d at 330. To be entitled to equitable tolling, Petitioner in the instant case must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. See Harris v. Hutchinson, 209 F. 3d 325, 330 (4th Cir. 2000).

**Analysis**

Smith claims his untimely petition should not be dismissed because he is actually innocent and his claim relies upon the Supreme Court's holding in Melendez-Diaz v. Massachusetts, 129 S. Ct. 2527 (2009). One of the grounds raised by Smith in the petition filed in this court is that trial counsel was ineffective when a lab analysis report was stipulated for admission, waiving the requirement that the analyst testify at trial, thereby violating Smith's right to confront a witness for the State. ECF No. 1 at p. 9.[2]

Actual Innocence Claim

To the extent that Smith is asserting a claim of actual innocence, it is unavailing. Habeas petitioners may use an actual innocence claim to excuse the procedural default of a separate

---
[2] Page numbers for ECF No. 1 refer to the electronic page numbers.

constitutional claim upon which they request habeas relief. See Murray v. Carrier, 477 U.S. 478, 496 (1986). "[When] a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." Id.; see also Reid v. True, 349 F.3d 788, 806 (4th Cir. 2003). The claim in the instant case is not procedurally defaulted; it is time-barred. Thus, the Court cannot hear the merits of the claims.

28 U.S.C. §2244(d)(C)

Smith also asserts his petition is not untimely because he relies on the Supreme Court's decision in Melendez-Diaz pursuant to the exception in 28 U.S.C. §2244(d)(C). That provision permits the filing of a federal habeas corpus petition one year from the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. The Melendez-Diaz decision does not fall within the category of decisions contemplated by 2244(d)(C). In that case the Court was applying the holding in a previously decided case, Crawford v. Washington, 541 U.S. 36 (2004). See Melendez-Diaz, 129 S. Ct. at 2531. Thus, the right to confront lab analysts who prepared affidavits regarding tests rendered on suspected narcotics was not "newly recognized" in Melendez-Diaz as required by 28 U.S.C. §2244(d)(C). Moreover, the decision was issued on June 25, 2009, and the instant petition was filed March 15, 2011, well beyond one year of the date of the decision.

**Conclusion**

Having concluded that the Petition for Writ of Habeas Corpus is untimely and that there is no basis for waiving the applicable filing deadline, this Court does not have jurisdiction to consider the merits of Smith's claims. When a district court dismisses a habeas petition solely

4

on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rouse v. Lee, 252 F.3d 676, 684 (4th Cir.2001) (quoting Slack v. Daniel, 529 U.S. 473, 484 (2000)). Smith has not met this burden. By separate Order which follows, the Petition shall be dismissed and a certificate of appealability shall not issue.

Date: October 31, 2011 /s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE